**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

CHRISTOPHER SPECHT, individually, and on behalf of all others similarly situated,

Plaintiff,

v. Case No. 2:26-cv-00635-JES-DNF

LEE HEALTH SYSTEM, INC., d/b/a LEE HEALTH and d/b/a LEE HEALTH MEDICAL EQUIPMENT SOLUTIONS, and ACCESS MEDICAL SOUTH, L.C. d/b/a LEE HEALTH MEDICAL EQUIPMENT SOLUTIONS,

Defendants.
_________________________________/

# DEFENDANTS' MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(1) and (6), Defendants Lee Health System, Inc. and Access Medical South, L.C. (collectively, "Lee Health") respectfully move to dismiss the class action complaint, Doc. 1, filed by Plaintiff Christopher Specht.

## PRELIMINARY STATEMENT

Plaintiff alleges that Lee Health has violated the Telephone Consumer Protection Act ("TCPA") and the Florida Telephone Solicitation Act ("FTSA") by making telephone calls to him (and other purported class members) with prerecorded voice messages without consent. Plaintiff also alleges that Lee

Health records patient telephone calls without consent in violation of the Florida Security of Communications Act ("FSCA"). For numerous reasons, the Court should dismiss the complaint.

First, Plaintiff fails to state a TCPA claim (Count I) because Plaintiff consented to the calls by virtue of providing his telephone number to Lee Health. Plaintiff's express written consent was not required because the prerecorded calls at issue delivered health care messages on behalf of a HIPAA-covered entity, exempting them from the TCPA's written consent requirement. Additionally, the calls are independently exempt from TCPA liability under the FCC's healthcare-treatment exception, as Plaintiff's own allegations establish that the calls contained prescription notifications related to CPAP and BiPAP supply replenishment, which constitute calls made for a healthcare treatment purpose.

Second, Plaintiff fails to state an FTSA claim (Count II) because the calls at issue are not "unsolicited telephonic sales calls" within the meaning of the statute. The FTSA expressly excludes calls made to a person with whom the caller has a prior or existing business relationship, and Plaintiff's own allegations establish that he is a patient of Lee Health who has received or sought healthcare services at Lee Health facilities, including as recently as October 2025.

Third, the Court should dismiss Plaintiff's FSCA claim (Count III) because the business-extension exception applies. Plaintiff's own allegations demonstrate that Lee Health's telephone call recording practices are conducted in the ordinary course of business using standard telephone equipment, which falls squarely within the statutory exclusion from the definition of an "electronic, mechanical, or other device" under the FSCA. Because no "interception" occurred within the meaning of the statute, Plaintiff cannot state an FSCA claim.

Fourth, all of Plaintiff's claims should be dismissed because he has failed to allege an injury-in-fact sufficient to establish Article III standing. Plaintiff offers only bare, conclusory assertions of harm—like "inconvenience," "wasted time," and "consumption of phone battery and data"—without any specific factual allegations quantifying or describing the extent of these purported injuries. Plaintiffs' bare allegations of procedural violations, without a concrete injury, are insufficient to confer standing.

## PLAINTIFF'S ALLEGATIONS[1]

Plaintiff is a patient of Lee Health and has received medical services at Lee Health facilities in Lee County, Florida. Doc. 1 ¶ 28. He alleges that he has never signed a "Conditions of Service" form which would authorize automated

[1] Lee Health assumes the truth of Plaintiff's allegations for purposes of this motion.

or prerecorded calls by Lee Health and that a "RED FLAG ALERT" was placed in his patient chart indicating that "he was allowed to amend the Conditions of Service form" so that he was not required to agree to the receipt of automated or prerecorded calls from Lee Health. *Id.* ¶¶ 29–31, 34.

On October 23, 2025, Plaintiff arrived at a Lee Health facility for a scheduled barium swallow test but was purportedly refused services when he declined to sign a form consenting to receive automated telephone calls and prerecorded messages. *Id.* ¶ 35.

Subsequently, Plaintiff says that he "received prerecorded calls from 'Lee Health Medical Equipment Solutions' promoting the purchase of CPAP and BiPAP supplies." *Id.* ¶ 36. Plaintiff alleges that the "unlawful prerecorded calls without consent" included calls on February 5, 8, and 11, 2026, with varying wording but the same general message:

> Hi, this is Lee Health Medical Equipment Solutions calling for the CPAP or BiPAP patient in your household. It's time to replenish your supplies. To order eligible supplies using our 24-hour automated... Hi, this is Lee Health Medical Equipment Solutions calling for the CPAP or BiPAP patient in your household. It's time to replenish your supplies. To order eligible supplies using our 24-hour automated system, call Lee Health Medical Equipment Solutions toll free at 877 581 1949. For other matters, please call us during normal business hours at 239 343 8290. Thank you.

Doc. 1 ¶¶ 40–42.

Plaintiff also alleges that Lee Health "secretly records patient telephone conversations" and provides patients with conflicting information about

whether calls are recorded, based on statements he attributes to various Lee Health employees, identified, for example, as "Christine," "Stephanie," "Dana," "Susan," and "Brittany." Doc. 1 ¶¶ 51–60. According to Plaintiff, employee "Brittany" stated that around the summer of 2025 Lee Health installed a "new telephone system" that records inbound and outbound calls on a "'global' and ongoing organization-wide" basis. *Id.* ¶ 60.

Based on these purported violations of the TCPA, FTSA, and FSCA, Plaintiff ultimately seeks to certify three classes under Fed. R. Civ. P. 23(b)(3): a "TCPA Prerecorded Voice Class," an "FTSA Recorded Message Class," and an "FSCA Wiretap Class." Doc. 1 ¶ 63.

## STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(b)(6), a claim is due to be dismissed if it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A pleading containing mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Rather, plaintiffs are required to allege facts which are "enough to raise a right to relief above the speculative level." *Id.* Stated differently, a complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). Although the factual allegations of a complaint must generally be taken as true when ruling on a motion to

dismiss, the Court "is not required to credit conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts." *Warren Tech., Inc. v. UL LLC*, 962 F.3d 1324, 1328 (11th Cir. 2020) (internal quotation marks omitted).

Under Fed. R. Civ. P. 12(b)(1), a plaintiff's failure to allege standing deprives the Court of subject-matter jurisdiction. *See Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). When confronted with a Rule 12(b)(1) facial attack on subject-matter jurisdiction, the Court asks only whether the plaintiff has adequately alleged standing, accepting the complaint's factual allegations as true for purposes of the motion. *Id.* at 1232–33.

## LEGAL ARGUMENT

### I. Plaintiff Fails to State a Claim under the Telephone Consumer Protection Act

In Count I, Plaintiff alleges, on behalf of himself and the proposed TCPA Prerecorded Voice Class, that Lee Health initiated telephone calls to Plaintiff and class members using prerecorded voice messages without consent, violating the TCPA. "To state a claim under the TCPA for calls made to a cellular phone, a plaintiff must allege that: (1) a call was made to a cell or wireless phone, (2) by the use of any automatic dialing system or an artificial or prerecorded voice, and (3) without prior express consent of the called party."

*Augustin v. Santander Consumer USA, Inc.*, 43 F. Supp. 3d 1251, 1253 (M.D. Fla. 2012). For several reasons, Plaintiff's attempted TCPA claim is due to be dismissed.

A. Plaintiff Consented to the Calls

As the statute provides,[2] there is no violation of the TCPA if the called party provided consent to receive prerecorded message calls on his cellular phone. The Federal Communications Commission ("FCC") has clarified what constitutes "express consent" under the TCPA pursuant to its authority to create rules and regulations implementing the TCPA. *See* 47 U.S.C. § 227(b)(2). As the FCC confirmed in a declaratory order:

> Because we find that autodialed and prerecorded message calls to wireless numbers provided by the called party in connection with an existing debt are made with the "prior express consent" of the called party, we clarify that such calls are permissible. We conclude that the provision of a cell phone number to a creditor, *e.g.*, as part of a credit application, reasonably evidences prior express consent by the cell phone subscriber to be contacted at that number regarding the debt[.]

*In re Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 23 FCC Rcd. 559, 564 ¶ 9 (Jan. 4, 2008) (footnotes omitted). In sum, the FCC has determined that "persons who knowingly release their phone numbers have in

[2] In relevant part, the TCPA makes it unlawful for a person "to make any call (other than a call . . . ***made with the prior express consent*** of the called party) using . . . an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added).

effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary." *Id.* (internal quotation marks omitted); *see also, e.g.*, *Murphy v. DCI Biologicals Orlando, LLC*, 797 F.3d 1302, 1308 (11th Cir. 2015) (because plaintiff voluntarily provided cell phone number on new donor information sheet, he expressly consented to be contacted by defendant at that number).

Accordingly, Plaintiff fails to state a TCPA claim because, by virtue of providing his telephone number to Lee Health, Lee Health had Plaintiff's express consent to contact him. Moreover, Plaintiff's express ***written*** consent was not required as the prerecorded calls about which he complains fall under the Health Care Rule. Under 47 C.F.R. § 64.1200(a)(2), a prerecorded call is exempt from the express written consent requirement if it delivers a "'health care' message" by or on behalf of a HIPAA-covered entity or its business associate, like Lee Health. Health care services are defined to include, among other things, the sale or dispensing of a device in accordance with a prescription, 45 C.F.R. § 106.103, which CPAP or BiPAP supplies undoubtedly constitute. *See, e.g.*, *Morris v. Lincare, Inc.*, No: 8:22-cv-2048-CEH-AAS, 2025 WL 2661482, at *7, 12 (M.D. Fla. Sept. 17, 2025) (finding that "the FCC has clarified 'that provision of a phone number to a healthcare provider constitutes prior express consent for healthcare calls subject to HIPAA by a HIPAA-covered entity and business associates acting on its behalf, as defined by

HIPAA, if the covered entities and business associates are making calls within the scope of the consent given, and absent instructions to the contrary'"; calls regarding refill reminders for CPAP supplies were health care messages exempted from the TCPA requirement for express written consent).

Moreover, Plaintiff does not allege that he ever gave contrary instructions regarding calls about refilling prescriptions; he alleges only that he did not provide prior express consent. *See* Doc. 1 ¶ 50. Based on his own allegations, Plaintiff consented to the very calls he challenges, and his TCPA claim should be dismissed.

B. The Calls Are Subject to the Healthcare-Treatment Exception

The calls about which Plaintiff complains are also not actionable under the TCPA because they are subject to the healthcare-treatment exception. Because Plaintiff's own allegations demonstrate application of this affirmative defense, the TCPA claim is subject to dismissal for this reason too. *See Quiller v. Barclays Am./Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984) (recognizing that even with respect to an affirmative defense, as opposed to a plaintiff's failure to plead facts to prove a required element of a claim, "a complaint may be dismissed under Rule 12(b)(6) when its own allegations indicate the existence of an affirmative defense, [when] the defense clearly appears on the face of the complaint").

The TCPA provides that the FCC "may, by rule or order, exempt from the [restrictions on automated or prerecorded calls to cell phones] that are not charged to the called party, subject to such conditions as the [FCC] may prescribe as necessary in the interest of the privacy rights [the TCPA] is intended to protect." 47 U.S.C. § 227(b)(2)(C). Thus, the TCPA permits the FCC to create regulatory exceptions to TCPA liability, subject to certain exceptions.

In 2015, the FCC created a safe harbor for certain "exigent" calls to wireless telephone numbers that have a "healthcare treatment purpose" and "are not charged to the called party." *In re Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 8030–31 ¶¶ 143, 146 (July 10, 2015) (hereinafter, "2015 FCC Order"); *see also* 47 C.F.R. 64.1200(a)(9)(iv). These healthcare-treatment-related exempted calls include, in relevant part, "prescription notifications." 2015 Order at 8031 ¶ 146.

By Plaintiff's own allegations, the three prerecorded calls about which he complains all contained reminders to "replenish" a patient's CPAP or BiPAP supplies. Doc. 1 ¶¶ 40–42. Plaintiff also does not allege that he opted out after receiving these calls. *Cf.* 2015 FCC Order at 8032 ¶ 147. Because Plaintiff's own allegations establish that the calls at issue were made for a healthcare-treatment purpose, and he does not allege opting out of receiving such messages, they fall within the applicable exemption and Count I should be dismissed with prejudice. *See, e.g.*, *Guglielmo v. CVS Pharmacy, Inc.*, No.

3:20cv1560, 2021 WL 3291532, at *2 (D. Conn. Aug. 2, 2021) (granting motion to dismiss TCPA claim where defendant's messages about prescription refills fell within healthcare-treatment exemption).

## II. Plaintiff Fails to State a Claim under the Florida Telephone Solicitation Act

In Count II, Plaintiff tries and fails to state a claim under the FTSA. Under the FTSA, a business may not make an "unsolicited telephonic sales call if such call involves . . . the playing of a recorded message . . . without the express written consent of the called party." Fla. Stat. § 501.059(8)(a). The FTSA specifically defines "unsolicited telephonic sales call" to ***exclude*** calls made "[t]o a person with whom the telephone solicitor ***has a prior or existing business relationship***." *Id.* § 501.059(1)(k)3. (emphasis added).

Florida courts have looked to the TCPA's definition of "established business relationship" in order to define the FTSA's exception for a prior or existing business relationship. *TSA Stores, Inc. v. Dep't of Agric. & Consumer Servs.*, 957 So. 2d 25, 29–30 (Fla. 5th DCA 2007). Using that definition (which contains the same language today), Florida's Fifth District Court of Appeal has held that "if a telephone subscriber made a purchase [from the defendant] within eighteen months of the telephone solicitation, there [i]s no violation of" the FTSA. *See id.* at 30 (citing then-47 C.F.R. § 64.1200(f)(4)); *see also* 47 C.F.R. § 64.1200(f)(5) (current placement of TCPA's "established business

relationship" definition).

Here, by Plaintiff's own allegations, he is a patient of Lee Health and has received or sought healthcare services at Lee Health, including as recently as October 23, 2025. *See* Doc. 1 ¶¶ 3, 28, 35. On these allegations alone, the calls about which he complains are not and cannot be unsolicited telephonic sales calls within the meaning of the FTSA because of his prior and existing relationship with Lee Health. *See, e.g.*, *Johansen v. Nat'l Gas & Elec. LLC*, No. 2:17-CV-587, 2018 WL 3933472, at *1 (S.D. Ohio Aug. 16, 2018) ("established business relationship" under the TCPA's similar definition existed where plaintiff completed enrollment process with defendant and initiated communication regarding enrollment).

## III. Plaintiff Fails to State a Claim under the Florida Security of Communications Act

In Count III, Plaintiff claims that Lee Health has violated the FSCA by intercepting patient telephone calls without consent. The FSCA makes it unlawful to intentionally intercept any wire, oral, or electronic communications without prior consent. Fla. Stat. § 934.03(1)(a), (2)(d).

Under the statute, interception is defined as "the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device." *Id.* § 934.02(3). Significantly, an "electronic, mechanical, or other device" is defined to ***exclude***

> [a]ny telephone or telegraph instrument, equipment, or facility, or any component thereof . . . [f]urnished to the subscriber or user by a provider of wire or electronic communication service in the ordinary course of its business and being used by the subscriber or user in the ordinary course of its business or furnished by such subscriber or user for connection to the facilities of such service and used in the ordinary course of its business[.]

*Id.* § 934.02(4). This exclusion is "commonly referred to as the business extension exception." *Royal Health Care Servs., Inc. v. Jefferson-Pilot Life Ins. Co.*, 924 F.2d 215, 217 (11th Cir. 1991). As explained by courts analyzing a nearly identical exception under the Federal Wiretap Act, this exclusion accounts for the fact that ordinary telephone technology "was not the type of specialized wiretapping or electronic surveillance equipment Congress had in mind when it was contemplating banning use of 'devices.'" *See Briggs v. Am. Air Filter Co.*, 630 F.2d 414, 418 (5th Cir. 1980).

The business-extension exception consists of two elements: (1) the call must be intercepted in the ordinary course of business; and (2) the call must be intercepted by equipment furnished by a provider of wire or electronic communication services or the subscriber or user. *Royal Health Care Servs., Inc.*, 924 F.2d at 217. Both elements of the business-extension exception are met here based on Plaintiff's own allegations.

First, Plaintiff alleges that the technology is used in the ordinary course of Lee Health's business. *See* Fla. Stat. § 934.02(4)(a)1. According to the complaint, Lee Health routinely records all incoming and outgoing calls with

patients concerning its business, including calls about scheduling and telehealth. Doc. 1 ¶¶ 52, 60. "The general rule is that if the intercepted call was a business call, then the [interception] of it was in the ordinary course of business." *Stalley v. ADS All. Data Sys., Inc.*, 997 F. Supp. 2d 1259, 1271 (M.D. Fla. 2014), *aff'd sub nom. Stallely v. ADS All. Data Sys., Inc.*, 602 F. App'x 732 (11th Cir. 2015). On the other hand, if a call is for a non-business purpose, then the business-extension exception may not apply. *See, e.g.*, *Epps v. St. Mary's Hosp. of Athens, Inc.*, 802 F.2d 412 (11th Cir. 1986) (declining to apply business-extension exception where a hospital employee overheard her coworkers "make disparaging remarks" about two supervisors and used a hospital dispatch console to record the conversation where that employee "was not authorized to operate the dispatch console from which she monitored" the conversation and "nothing in the record suggests that her eavesdropping was pursuant to her duties" as an employee).

By Plaintiff's own allegations (which are accepted as true only for purposes of this motion), all calls were recorded by Lee Health as a matter of routine business policy. On these allegations, the first part of the business-extension exception is satisfied. *See, e.g.*, *Royal Health Care Servs., Inc.*, 924 F.2d at 218 (finding this prong met where recording "occurred pursuant to a standard JP Life policy" of recording all outgoing calls from case management department); *Stallely*, 602 F. App'x at 735 ("[B]ecause ADS recorded the calls

pursuant to its company policy, we conclude that the business-extension exception applied and that no 'interception' occurred within the meaning of the FSCA."); *see also Nece v. Quicken Loans, Inc.*, 292 F. Supp. 3d 1274, 1278 (M.D. Fla. 2018) (holding that business-extension exception applied where calls were recorded "pursuant to a standard . . . policy"), *vacated on other grounds*, No. 8:16-CV-2605-T-23CPT, 2018 WL 4279803 (M.D. Fla. Mar. 15, 2018).

Second, to satisfy the business-extension exception, the telephone technology must either be "[f]urnished" to the user or subscriber "by a provider of wire or electronic communication service in the ordinary course of its business" or "furnished" by a "subscriber or user for connection to the facilities of [a wire or electronic communications service]." Fla. Stat. § 934.02(4)(a). Thus, under the statute's plain language, it makes no difference whether the user or subscriber obtains the recording equipment from the service provider or purchases and installs it independently, so long as it is "[a]ny telephone or telegraph instrument, equipment or facility or any component" and is used in the ordinary course of business, as described above.

Here, there is nothing in the complaint to suggest that anything ***other*** than legitimate telephone equipment was used to allegedly intercept patient telephone calls. *See Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) ("[C]ourts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than

the unlawful conduct the plaintiff would ask the court to infer."). Indeed, Plaintiff specifically asserts that Lee Health installed a "new telephone system" which records inbound and outbound calls. Doc. 1 ¶ 60. Plaintiff claims that Lee Health's "automated calling and recording practices are systemic—applied uniformly to its patient population," *id.* ¶ 65—and that the recording of calls is "'global' and ongoing organization-wide," *id.* ¶ 60.

Accordingly, Count III should be dismissed because it does not plausibly allege use of an "electronic, mechanical, or other device," and instead establishes that the business-extension exception applies and no "interception" occurred within the meaning of the FSCA.

**IV. Plaintiff Fails to Allege an Injury in Fact**

In Counts I and II, Plaintiff alleges that Lee Health violated the TCPA and FTSA by repeatedly calling his telephone using prerecorded messages without his consent. In Count III, he alleges that Lee Health violated the FSCA by recording his telephone calls with Lee Health without his consent. Yet Plaintiff does not allege any concrete injury resulting from the prerecorded messages or the recorded calls. Having failed to plead a concrete injury-in-fact, Plaintiff cannot establish Article III standing.

Standing is a threshold inquiry that must be answered at the outset of the case. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). To demonstrate standing, a plaintiff bears the burden of showing, in relevant part,

that he has "suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180–81 (2000); *Lujan*, 504 U.S. 560–61.

The U.S. Supreme Court clarified in *Spokeo Inc. v. Robins*, 578 U.S. 330 (2016), that a plaintiff does not "automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.* at 341. Rather, "Article III standing requires a concrete injury even in the context of a statutory violation." *Id.*

To be "concrete," an injury must be "real," and not "abstract"; i.e., "it must actually exist." *Id.* at 340. "The most obvious concrete harm is physical injury or financial loss." *Hunstein v. Preferred Collection & Mgmt. Servs., Inc.*, 48 F.4th 1236, 1242 (11th Cir. 2022). A "bare procedural violation" is not enough to confer standing. *Spokeo*, 578 U.S. at 342. And while some "intangible harms can satisfy Article III's concreteness requirement, . . . the question becomes whether that that harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts." *Drazen v. Pinto*, 74 F.4th 1336, 1342–43 (11th Cir. 2023) (internal quotation marks omitted).

Here, Plaintiff alleges only bare procedural violations untethered from

any actual, concrete harm. At most, he offers the conclusory assertions that his "concrete injury and actual harm" consists of "inconvenience, invasion of privacy, aggravation, annoyance, intrusion upon seclusion, wasted time, consumption of phone battery and data[,] and disruption to daily life." Doc. 1 ¶ 62; *see also id.* ¶¶ 76, 87, 97. He further complains that he received calls at "inconvenient times," but he does not identify any specific times, alleges only that the calls caused him to "stop and check his phone," and claims that he ultimately "retain[ed] counsel to stop" the purportedly harassing conduct. *Id.* ¶ 62.

To the extent Plaintiff invokes purported tangible injuries—such as wasted time or consumption of battery life and data—he still fails to plead sufficient factual matter to demonstrate any injury-in-fact. Absent factual allegations quantifying or otherwise describing the extent of these alleged tangible harms, he does not plausibly allege standing. Importantly, "the time and money that [Plaintiff] spent [pursuing his claims here] cannot give rise to a concrete injury for Article III standing purposes." *See Toste v. Beach Club at Fontainebleau Park Condo. Ass'n*, No. 21-14348, 2022 WL 4091738, at *4 (11th Cir. Sept. 7, 2022). In *Toste*, the plaintiff specifically alleged that he wasted time "in defending against a legal action taken by a debt collector," and the court deemed that sufficient only because the wasted time was "separable from the costs of bringing the . . . lawsuit." *Id.*

Here, by contrast, Plaintiff alleges nothing more than that he "wasted time" and expended battery life. These bare, unquantified assertions are not enough to allege concrete injuries sufficient to establish an injury-in-fact. *See, e.g.*, *Heres v. Medicredit, Inc.*, No. 23-cv-24815-BLOOM/Torres, 2024 WL 3291738, at *6–9 (S.D. Fla. July 3, 2024) (finding that bare allegations of wasted time did not suffice to allege standing).

Plaintiff's cursory allegations of intangible harms fare no better. While an unwanted phone call may, in some circumstances, constitute the sort of intrusion on peace and quiet that can support an injury-in-fact, Plaintiff again offers only conclusory assertions. The only specific factual allegations he pleads concern three prerecorded calls he received—and he does not even allege that those calls occurred at "inconvenient times." *See* Doc. 1 ¶¶ 40–46 (alleging receipt of three calls on certain dates but not that they were received at inconvenient times).

Plaintiff must allege a concrete injury, supported by specific facts rather than conclusory assertions, to establish Article III standing to pursue his claims in this Court. He has not done so. Accordingly, Plaintiff has failed to establish Article III standing, and his claims against Lee Health should be dismissed.

## CONCLUSION

WHEREFORE, for the reasons herein, Lee Health respectfully requests the entry of an order dismissing the complaint, and the entry of such other relief as the Court deems just and proper.

## LOCAL RULE 3.01(G) CERTIFICATE

I certify that on April 14, 2026, I conferred with Plaintiff's counsel by Zoom teleconference in a good-faith effort to resolve this motion. Plaintiff's counsel indicated that he is currently opposed to the relief requested in this motion.

Dated: April 15, 2026

Respectfully submitted,

**HOLLAND & KNIGHT LLP**

*/s/Tiffany A. Roddenberry*
D. Ty Jackson
Florida Bar No. 41216
ty.jackson@hklaw.com
Tiffany A. Roddenberry
Florida Bar No. 92524
tiffany.roddenberry@hklaw.com
315 South Calhoun Street
Suite 600
Tallahassee, FL 32301
(850) 224-7000

Laura Renstrom
Florida Bar No. 108019
laura.renstrom@hklaw.com
kathleen.griffith@hklaw.com
Anne Marie Hankins

Florida Bar No. 1049892
annemarie.hankins@hklaw.com
50 North Laura Street, Suite 3900
Jacksonville, FL 32202
Telephone: (904) 798-5466

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on April 15, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is being served this day on counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing electronically.

*/s/ Tiffany A. Roddenberry*
Tiffany A. Roddenberry