**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

CHRISTOPHER SPECHT, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

Plaintiff,

No. 2:26-cv-635-KCD-KRH

v.

LEE HEALTH SYSTEM, INC., D/B/A LEE HEALTH AND D/B/A LEE HEALTH MEDICAL EQUIPMENT SOLUTIONS, & ACCESS MEDICAL SOUTH, L.C., D/B/A LEE HEALTH MEDICAL EQUIPMENT SOLUTIONS,

Defendants.

## DEFENDANT ACCESS MEDICAL SOUTH, L.C.'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Access Medical South, L.C. ("Access Medical"), answers the complaint and states its affirmative defenses as follows:

## NATURE OF THE ACTION

1. Access Medical lacks sufficient knowledge to admit or deny the allegations of this paragraph and therefore denies them.

2. Access Medical lacks sufficient knowledge to admit or deny the allegations of this paragraph and therefore denies them.

3. Access Medical lacks sufficient knowledge to admit or deny the allegations of this paragraph and therefore denies them.

4. Access Medical admits that Plaintiff purports to seek damages and relief referenced in this paragraph on behalf of himself and a purported class of plaintiffs. Otherwise, the allegations of paragraph 4 are denied.

## JURISDICTION AND VENUE

5. Access Medical admits the allegations of paragraph 5 for jurisdiction purposes only.

6. Access Medical admits the allegations of paragraph 6 for jurisdiction purposes only.

7. Access Medical admits the allegations of paragraph 7 for venue purposes only.

## PARTIES

8. Access Medical admits that Plaintiff is a natural person. Otherwise, Access Medical lacks sufficient knowledge to admit or deny the remaining allegations of this paragraph and therefore denies them.

9. Access Medical admits that Lee Health is a Florida Not for Profit Corporation organized under the laws of Florida, with its principal place of business at 4211 Metro Parkway, Fort Myers, Florida 33916. Access Medical admits that it does business as Lee Health and Lee Health Medical Equipment Solutions. Otherwise, the allegations of paragraph 9 are denied.

10. Admitted.

11. The statement "Lee Health and Access Medical are collectively referred to herein as 'Defendants'" does not require a response. To the extent a response is required, Access Medical admits that Plaintiff refers to Lee Health System, Inc., and Access Medical collectively as "Defendants" throughout the complaint. Otherwise, the allegations of paragraph 11 are denied.

12. Access Medical admits that it does business in Florida under the name "Lee Health Medical Equipment Solutions." Access Medical admits that on April 18, 2024, it registered the fictitious name "Lee Health Medical Equipment Solutions" with the Florida Division of Corporations with the registration number G2400001845. Access Medical admits that 12681 Creekside Lane, Suite 201, Fort Myers, Florida 33919 is listed as the "Mailing Address" for Lee Health Medical Equipment Solutions with the Florida Division of Corporations. Otherwise, the allegations of paragraph 12 are denied.

13. Access Medical admits that on October 4, 2024, Lee Health registered the fictitious name "Lee Health Medical Equipment Solutions" with the Florida Division of Corporations. Access Medical admits that Lee Health System, Inc., 2776 Cleveland Avenue, Fort Myers, FL 33901, Document Number: N24000004376 is listed as "Owner Information" for Lee Health

Medical Equipment Solutions with the Florida Division of Corporations. Access Medical admits that a Fort Myers mailing address is listed as the "Mailing Address" for Lee Health Medical Equipment Solutions with the Florida Division of Corporations. Access Medical also admits that Kara Korosec executed the registration. Otherwise, the allegations of paragraph 13 are denied.

14. Denied.

15. Denied.

16. Access Medical denies that the precise nature and involvement of each Defendant's role in initiating, authorizing, directing, approving, and/or supervising the telephonic communications at issue—including which entity selected the calling platform, furnished the call list, scripted the prerecorded messages, and authorized the calling campaign—is information uniquely within the knowledge and possession of Defendants and their agents, servants, and employees. The statement that "Plaintiff will seek information through discovery and reserves the right to amend this Complaint to conform to the evidence as it is developed" does not require a response. To the extent a response is required, Access Medical denies the allegations in paragraph 16.

17. Denied.

## STATUTORY AND REGULATORY BACKGROUND

### The Telephone Consumer Protection Act

18. The allegations in this paragraph set forth statements and conclusions of law, to which no response is required. To the extent a response is required, Access Medical denies the allegations in paragraph 18.

19. The allegations in this paragraph set forth statements and conclusions of law, to which no response is required. To the extent a response is required, Access Medical denies the allegations in paragraph 19.

20. The allegations in this paragraph set forth statements and conclusions of law, to which no response is required. To the extent a response is required, Access Medical denies the allegations in paragraph 20.

21. The allegations in this paragraph set forth statements and conclusions of law, to which no response is required. To the extent a response is required, Access Medical denies the allegations in paragraph 21.

### The Florida Telephone Solicitation Act

22. The allegations in this paragraph set forth statements and conclusions of law, to which no response is required. To the extent a response is required, Access Medical denies the allegations in paragraph 22.

23. The allegations in this paragraph set forth statements and conclusions of law, to which no response is required. To the extent a response is required, Access Medical denies the allegations in paragraph 23.

24. The allegations in this paragraph set forth statements and conclusions of law, to which no response is required. To the extent a response is required, Access Medical denies the allegations in paragraph 24.

### The Florida Security of Communications Act

25. The allegations in this paragraph set forth statements and conclusions of law, to which no response is required. To the extent a response is required, Access Medical denies the allegations in paragraph 25.

26. The allegations in this paragraph set forth statements and conclusions of law, to which no response is required. To the extent a response is required, Access Medical denies the allegations in paragraph 26.

27. The allegations in this paragraph set forth statements and conclusions of law, to which no response is required. To the extent a response is required, Access Medical denies the allegations in paragraph 27.

## FACTUAL ALLEGATIONS

### Lee Health's Conditions of Service and Purported Consent to Prerecorded Calls

28. Admitted.

29. Access Medical lacks sufficient knowledge to admit or deny the allegations of this paragraph and therefore denies them.

30. Access Medical lacks sufficient knowledge to admit or deny the allegations of this paragraph and therefore denies them.

31. Access Medical lacks sufficient knowledge to admit or deny the allegations of this paragraph and therefore denies them.

32. Denied.

33. Access Medical lacks sufficient knowledge to admit or deny the allegations of this paragraph and therefore denies them.

34. Access Medical lacks sufficient knowledge to admit or deny the allegations of this paragraph and therefore denies them.

35. Access Medical lacks sufficient knowledge to admit or deny the allegations of this paragraph and therefore denies them.

36. Access Medical admits that Plaintiff received prerecorded messages from a caller identified as "Lee Health Medical Equipment Solutions." Access Medical lacks sufficient knowledge to admit or deny the allegations that Lee Health denied Plaintiff medical treatment or that he was escorted "out" by armed guards for refusing to consent to prerecorded messages and therefore denies them. Access Medical denies that the prerecorded messages Plaintiff received promoted the purchase of CPAP and BiPAP supplies. Otherwise, the allegations in paragraph 36 are denied.

37. Access Medical denies that it lacked consent to make prerecorded automated calls to Plaintiff. Access Medical lacks sufficient knowledge to admit or deny the additional allegations of this paragraph and therefore denies them.

**Lee Health's Prerecorded Telephone Calls**

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Access Medical admits that Plaintiff received prerecorded messages from a caller identified as "Lee Health Medical Equipment Solutions." Access Medical also admits that "Lee Health Medical Equipment Solutions" is a fictitious name registered to Access Medical South, L.C. Access Medical lacks sufficient knowledge to admit or deny the additional allegations of this paragraph and therefore denies them.

45. Access Medical lacks sufficient knowledge to admit or deny the allegations of this paragraph and therefore denies them.

46. Denied.

47. Access Medical lacks sufficient knowledge to admit or deny the allegations of this paragraph and therefore denies them.

48. Denied.

49. The allegations in this paragraph set forth statements and conclusions of law, to which no response is required. To the extent a response

is required, Access Medical lacks sufficient knowledge to admit or deny the allegations of this paragraph and therefore denies them.

50. Denied.

**Lee Health's Unlawful Recording of Patient Telephone Calls**

51. Access Medical lacks sufficient knowledge to admit or deny the allegations of this paragraph and therefore denies them.

52. Access Medical lacks sufficient knowledge to admit or deny the allegations of this paragraph and therefore denies them.

53. Access Medical lacks sufficient knowledge to admit or deny the allegations of this paragraph and therefore denies them.

54. Access Medical lacks sufficient knowledge to admit or deny the allegations of this paragraph and therefore denies them.

55. Access Medical lacks sufficient knowledge to admit or deny the allegations of this paragraph and therefore denies them.

56. Access Medical lacks sufficient knowledge to admit or deny the allegations of this paragraph and therefore denies them.

57. Access Medical lacks sufficient knowledge to admit or deny the allegations of this paragraph and therefore denies them.

58. Access Medical lacks sufficient knowledge to admit or deny the allegations of this paragraph and therefore denies them.

59. Access Medical lacks sufficient knowledge to admit or deny the allegations of this paragraph and therefore denies them.

60. Access Medical lacks sufficient knowledge to admit or deny the allegations of this paragraph and therefore denies them.

61. That "Lee Health's conduct constitutes the intentional interception of wire communications in violation of Fla. Stat. § 943.03(1)(a)" is a legal conclusion that does not require a response. To the extent a response is required, Access Medical lacks sufficient knowledge to admit or deny that Lee Health's conduct constitutes the intentional interception of wire communications in violation of Fla. Stat. § 943.03(1)(a) and therefore denies the allegation. Furthermore, Access Medical lacks sufficient knowledge to admit or deny the allegation in this paragraph that "Lee Health intercepts the contents of these telephone calls through electronic recording equipment without obtaining the prior consent of all parties to the communication" and therefore denies the allegation.

62. Denied.

## CLASS ALLEGATIONS

63. Access Medical admits that Plaintiff purports to bring this action on behalf of himself and purported classes of persons described in this paragraph. To the extent a response is required, these allegations are denied.

64. The statement that Defendants, their officers, directors, employees, agents, and affiliates; any judicial officer presiding over this matter; members of the judicial officer's staff and immediate family; and Plaintiff's counsel are excluded from the proposed classes does not require a response. To the extent a response is required, Access Medical lacks sufficient knowledge to admit or deny the allegations of this paragraph and therefore denies them.

65. Access Medical admits that Lee Health is a healthcare system in Southwest Florida and that it operates multiple hospitals and outpatient facilities. Otherwise, the allegations of paragraph 65 are denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

## CAUSES OF ACTION

## COUNT I

### Violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii) (On Behalf of Plaintiff and the TCPA Prerecorded Voice Class against Defendants)

70. Access Medical incorporates by reference its responses to paragraphs 1 through 69, as if set forth fully herein.

71. Access Medical admits that Plaintiff purports to bring this Count on behalf of himself and the purported class of persons described as the "TCPA Prerecorded Voice Class" against Defendants individually and/or jointly but denies that Defendants are liable under the TCPA or that Plaintiff and/or the purported class of persons are entitled to any relief.

72. The allegations in this paragraph set forth statements and conclusions of law, to which no response is required. To the extent a response is required, Access Medical denies the allegations in paragraph 72.

73. Denied.

74. Denied.

75. The allegations in this paragraph set forth conclusions of law to which no response is required. To the extent a response is required, Access Medical denies the allegations in paragraph 75.

76. Denied.

77. Denied.

78. Access Medical denies the allegations in this paragraph, including each subpart.

## COUNT II

### Violation of the FTSA, Fla. Stat. § 501.059(8)(a) — Recorded Message (On Behalf of Plaintiff and the FTSA Recorded Message Class against Defendants)

79. Access Medical incorporates by reference its responses to paragraphs 1 through 69, as if set forth fully herein.

80. Access Medical admits that Plaintiff purports to bring this Count on behalf of himself and the purported class of persons described as the "FTSA Recorded Message Class" against Defendants individually and/or jointly but denies that Defendants are liable under the FTSA or that Plaintiff and/or the purported class of persons are entitled to any relief.

81. The allegations in this paragraph set forth statements and conclusions of law, to which no response is required. To the extent a response is required, Access Medical denies the allegations in paragraph 81.

82. Denied.

83. The allegations in this paragraph set forth conclusions of law to which no response is required. To the extent a response is required, Access Medical denies the allegations in paragraph 83.

84. The allegations in this paragraph set forth conclusions of law to which no response is required. To the extent a response is required, Access Medical denies the allegations in paragraph 84.

85. Denied.

86. The allegations in this paragraph set forth conclusions of law to which no response is required. To the extent a response is required, Access Medical denies the allegations in paragraph 86.

87. Denied.

88. Denied.

89. Access Medical denies the allegations in this paragraph, including each subpart.

## COUNT III

### Violation of the FSCA, Fla. Stat. § 934.03(1)(a) (On Behalf of Plaintiff and the FSCA Wiretap Class Against Lee Health)

90. Count III is not directed at Access Medical. To the extent a response is required, Access Medical incorporates by reference its responses to paragraphs 1 through 69, as if set forth fully herein.

91. Count III is not directed at Access Medical. To the extent a response is required, Access Medical denies the allegations in this paragraph.

92. Count III is not directed at Access Medical. To the extent a response is required, Access Medical denies the allegations in this paragraph.

93. Count III is not directed at Access Medical. To the extent a response is required, Access Medical denies the allegations in this paragraph.

94. Count III is not directed at Access Medical. To the extent a response is required, Access Medical denies the allegations in this paragraph.

95. Count III is not directed at Access Medical. To the extent a response is required, Access Medical denies the allegations in this paragraph.

96. Count III is not directed at Access Medical. To the extent a response is required, Access Medical denies the allegations in this paragraph.

97. Count III is not directed at Access Medical. To the extent a response is required, Access Medical denies the allegations in this paragraph.

98. Count III is not directed at Access Medical. To the extent a response is required, Access Medical denies the allegations in this paragraph.

## JURY DEMAND

This unnumbered paragraph demands a jury trial to which no response is required. To the extent a response is required, Access Medical admits that Plaintiff demands a jury trial.

## DOCUMENT PRESERVATION DEMAND

This unnumbered paragraph, including all subparts, purports to demand that Defendants preserve certain documents and does not require a response. To the extent a response is required, Access Medical denies the allegations in this paragraph, including all subparts.

## PRAYER FOR RELIEF

Access Medical denies the allegations in the unnumbered WHEREFORE clause after the "Document Preservation Demand" including all subparts.

## AFFIRMATIVE DEFENSES

1. This action cannot be maintained as a class action because the putative class members are not ascertainable and the putative classes fail to satisfy the requirements of Rule 23, Federal Rules of Civil Procedure, including, without limitation, commonality and predominance.

2. Plaintiff's and the putative class members' claims are barred in whole or in part because the Plaintiff is not an adequate class representative.

3. Plaintiff's and/or putative class members' FTSA claims are barred in whole or in part because Plaintiff and/or putative class members gave prior express consent in writing to receive automated prerecorded calls from Defendants.

4. Plaintiff's and/or putative class members' TCPA claims are barred because Plaintiff and/or putative class members gave prior express consent to receive automated prerecorded calls from Defendants.

5. Plaintiff's and/or putative class members' TCPA claims are barred because the alleged prerecorded calls are subject to the health-care treatment exception under 47 C.F.R. § 64.1200(a)(9)(iv).

6. Plaintiff's and/or putative class members' TCPA claims are barred because the alleged prerecorded calls are telemarketing calls that delivered a healthcare message under 47 C.F.R. § 64.1200(a)(2).

7. Plaintiff's and/or putative class members' FTSA claims are barred because Plaintiff and/or putative class members have a prior or existing business relationship with Defendants under Fla. Stat. § 501.059(1)(k)(3).

8. To the extent it is determined that Access Medical violated the TCPA and/or the FTSA, which Access Medical specifically denies, any award of treble damages under the TCPA and/or the FTSA would be improper because Access Medical's alleged violative conduct was neither willful nor knowing under 47 U.S.C. § 227(b)(3) and Fla. Stat. § 501.059(10)(b).

9. Plaintiff is barred from recovering attorney's fees under the FTSA because the alleged prerecorded calls did not result in a "transaction" under Fla. Stat. § 501.059(11).

10. To the extent Plaintiff unilaterally revoked consent to receive automated prerecorded calls from Defendants, which Access Medical denies, any unilateral revocation of consent is invalid because such consent was given as a mutually agreed upon term in a contract between Plaintiff and Lee Health.

11. Plaintiff's claims are barred in part based on the release contained in the December 18, 2024, settlement agreement between Plaintiff and Lee Health.

12. Plaintiff's and/or putative class members' claims are barred in whole or in part because Plaintiff and/or putative class members refused and/or neglected to take reasonable steps to mitigate their alleged damages, if any.

13. Plaintiff's and/or putative class members' claims may be barred in part by the applicable statute of limitations.

14. Plaintiff's claims are barred in whole or in part because Plaintiff waived any such claims through his continued engagement with Lee Health's services after receiving notice of Lee Health's automated calling practices.

15. Any award of statutory damages in the amounts sought by Plaintiff, particularly in a class action context, would violate Lee Health's due process rights under the Fifth and Fourteenth Amendments to the United States Constitution and/or constitute an excessive fine in violation of the Eighth Amendment to the United States Constitution.

16. Plaintiff's claims are barred in whole or in part because Plaintiff ratified his consent to the conduct at issue through his subsequent conduct, including his continued use of Lee Health's services.

**RESERVATION OF RIGHTS TO ALLEGE ADDITIONAL AFFIRMATIVE DEFENSES**

Access Medical reserves the right to amend this pleading and allege additional affirmative defenses as discovery continues.

WHEREFORE, having fully answered Plaintiff's complaint, Access Medical respectfully requests judgment in its favor and against Plaintiff dismissing the complaint with prejudice, an award of its costs, and any further relief the Court deems just and proper.

Dated: August 25, 2026

Respectfully submitted,

HOLLAND & KNIGHT LLP

*/s/ Laura Renstrom*

D. Ty Jackson
Florida Bar No. 41216
ty.jackson@hklaw.com
Tiffany A. Roddenberry
Florida Bar No. 92524
tiffany.roddenberry@hklaw.com
315 South Calhoun Street
Suite 600
Tallahassee, FL 32301
(850) 224-7000

Laura Renstrom
Florida Bar No. 108019
laura.renstrom@hklaw.com
kathleen.griffith@hklaw.com
Anne Marie Hankins
Florida Bar No. 1049892
annemarie.hankins@hklaw.com
50 North Laura Street, Suite 3900
Jacksonville, FL 32202
(904) 798-5466

*Attorneys for Defendants*