**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

CHRISTOPHER SPECHT, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

Plaintiff,

v.

LEE HEALTH SYSTEM, INC., D/B/A LEE HEALTH AND D/B/A LEE HEALTH MEDICAL EQUIPMENT SOLUTIONS, & ACCESS MEDICAL SOUTH, L.C., D/B/A LEE HEALTH MEDICAL EQUIPMENT SOLUTIONS,

Defendants.

No. 2:26-cv-635-KCD-KRH

**DEFENDANT LEE HEALTH SYSTEM, INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Lee Health System, Inc. ("Lee Health"), answers the complaint and states its affirmative defenses as follows:

## NATURE OF THE ACTION

1. Denied.

2. Lee Health admits that it records telephone calls to and from certain departments. Lee Health also admits that certain of its facilities display signs, one of which states "No Recording Without Consent," warning patients that recording during their healthcare visits without the consent of

staff and/or other patients can violate Florida law. Otherwise, the allegations of paragraph 2 are denied.

3. Lee Health admits that it placed a "RED FLAG ALERT" in Plaintiff's patient chart. Lee Health also admits a supervisor in Lee Health's call center informed Plaintiff that Lee Health records inbound and outbound calls. Otherwise, the allegations of paragraph 3 are denied.

4. Lee Health admits that Plaintiff purports to seek damages and relief referenced in this paragraph on behalf of himself and a purported class of plaintiffs. Otherwise, the allegations of paragraph 4 are denied.

**JURISDICTION AND VENUE**

5. Lee Health admits the allegations of paragraph 5 for jurisdiction purposes only.

6. Lee Health admits the allegations of paragraph 6 for jurisdiction purposes only.

7. Lee Health admits the allegations of paragraph 7 for venue purposes only.

**PARTIES**

8. Lee Health admits that Plaintiff is a natural person. Otherwise, Lee Health lacks sufficient knowledge to admit or deny the remaining allegations of this paragraph and therefore denies them.

9. Lee Health admits that it is a Florida Not for Profit Corporation organized under the laws of Florida, with its principal place of business at 4211 Metro Parkway, Fort Myers, Florida 33916. Lee Health admits that it does business as Lee Health and Lee Health Medical Equipment Solutions. Otherwise, the allegations of paragraph 9 are denied.

10. Admitted.

11. The statement "Lee Health and Access Medical are collectively referred to herein as 'Defendants'" does not require a response. To the extent a response is required, Lee Health admits that Plaintiff refers to Lee Health and Access Medical South, L.C., collectively as "Defendants" throughout the complaint. Otherwise, the allegations of paragraph 11 are denied.

12. Lee Health admits that Access Medical does business in Florida under the name "Lee Health Medical Equipment Solutions." Lee Health admits that on April 18, 2024, Access Medical registered the fictitious name "Lee Health Medical Equipment Solutions" with the Florida Division of Corporations with the registration number G2400001845. Lee Health admits that 12681 Creekside Lane, Suite 201, Fort Myers, Florida 33919 is listed as the "Mailing Address" for Lee Health Medical Equipment Solutions with the Florida Division of Corporations. Otherwise, the allegations of paragraph 12 are denied.

13. Lee Health admits that on October 4, 2024, it registered the fictitious name "Lee Health Medical Equipment Solutions" with the Florida Division of Corporations. Lee Health admits that Lee Health System, Inc., 2776 Cleveland Avenue, Fort Myers, FL 33901, Document Number: N24000004376 is listed as "Owner Information" for Lee Health Medical Equipment Solutions with the Florida Division of Corporations. Lee Health admits that a Fort Myers mailing address is listed as the "Mailing Address" for Lee Health Medical Equipment Solutions with the Florida Division of Corporations. Lee Health also admits that Kara Korosec executed the registration. Otherwise, the allegations of paragraph 13 are denied.

14. Denied.

15. Denied.

16. Lee Health denies that the precise nature and involvement of each Defendant's role in initiating, authorizing, directing, approving, and/or supervising the telephonic communications at issue—including which entity selected the calling platform, furnished the call list, scripted the prerecorded messages, and authorized the calling campaign—is information uniquely within the knowledge and possession of Defendants and their agents, servants, and employees. The statement that "Plaintiff will seek information through discovery and reserves the right to amend this Complaint to conform

to the evidence as it is developed" does not require a response. To the extent a response is required, Lee Health denies the allegations in paragraph 16.

17. Denied.

## STATUTORY AND REGULATORY BACKGROUND

### The Telephone Consumer Protection Act

18. The allegations in this paragraph set forth statements and conclusions of law, to which no response is required. To the extent a response is required, Lee Health denies the allegations in paragraph 18.

19. The allegations in this paragraph set forth statements and conclusions of law, to which no response is required. To the extent a response is required, Lee Health denies the allegations in paragraph 19.

20. The allegations in this paragraph set forth statements and conclusions of law, to which no response is required. To the extent a response is required, Lee Health denies the allegations in paragraph 20.

21. The allegations in this paragraph set forth statements and conclusions of law, to which no response is required. To the extent a response is required, Lee Health denies the allegations in paragraph 21.

### The Florida Telephone Solicitation Act

22. The allegations in this paragraph set forth statements and conclusions of law, to which no response is required. To the extent a response is required, Lee Health denies the allegations in paragraph 22.

23. The allegations in this paragraph set forth statements and conclusions of law, to which no response is required. To the extent a response is required, Lee Health denies the allegations in paragraph 23.

24. The allegations in this paragraph set forth statements and conclusions of law, to which no response is required. To the extent a response is required, Lee Health denies the allegations in paragraph 24.

**The Florida Security of Communications Act**

25. The allegations in this paragraph set forth statements and conclusions of law, to which no response is required. To the extent a response is required, Lee Health denies the allegations in paragraph 25.

26. The allegations in this paragraph set forth statements and conclusions of law, to which no response is required. To the extent a response is required, Lee Health denies the allegations in paragraph 26.

27. The allegations in this paragraph set forth statements and conclusions of law, to which no response is required. To the extent a response is required, Lee Health denies the allegations in paragraph 27.

**FACTUAL ALLEGATIONS**

**Lee Health's Conditions of Service and Purported Consent to Prerecorded Calls**

28. Admitted.

29. Lee Health admits that it maintains a "Conditions of Services" form. Lee Health also admits that the "Conditions of Services" form includes a provision in paragraph 4(g) authorizing Lee Health and its service providers and their successors, assigns, affiliates, independent contractors or agents to place automated telephone calls and prerecorded messages to patients. Otherwise, the allegations of paragraph 29 are denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Lee Health admits that it placed a "RED FLAG ALERT" in Plaintiff's Patient Chart. Otherwise, the allegations of paragraph 34 are denied.

35. Lee Health admits that Plaintiff presented at Lee Health's facility on October 23, 2025, for a scheduled barium swallow test; that Lee Health staff requested that Plaintiff sign the "Conditions of Services" form; that Plaintiff refused to sign the "Conditions of Services" form; and that Plaintiff was ultimately escorted out of the facility by security for disruptive conduct. Otherwise, the allegations in paragraph 35 are denied.

36. Lee Health admits that Plaintiff received prerecorded messages from a caller identified as "Lee Health Medical Equipment Solutions." Otherwise, the allegations of paragraph 36 are denied.

37. Denied.

**Lee Health's Prerecorded Telephone Calls**

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Lee Health admits that Plaintiff received prerecorded messages from a caller identified as "Lee Health Medical Equipment Solutions." Lee Health also admits that "Lee Health Medical Equipment Solutions" is a fictitious name registered to Lee Health System, Inc. Otherwise, the allegations of paragraph 44 are denied.

45. Lee Health lacks sufficient knowledge to admit or deny the allegations of this paragraph and therefore denies them.

46. Denied.

47. Lee Health lacks sufficient knowledge to admit or deny the allegations of this paragraph and therefore denies them.

48. Denied.

49. The allegations in this paragraph set forth statements and conclusions of law, to which no response is required. To the extent a response is required, Lee Health lacks sufficient knowledge to admit or deny the allegations of this paragraph and therefore denies them.

50. Denied.

**Lee Health's Unlawful Recording of Patient Telephone Calls**

51. Denied.

52. Lee Health admits that an employee in the Outpatient Scheduling Department told Plaintiff that inbound and outbound calls were recorded. Lee Health also admits that the same employee told Plaintiff that the Outpatient Scheduling Department has approximately 29 people and that each person placed about 120 calls per day. Otherwise, the allegations in paragraph 52 are denied.

53. Denied.

54. Lee Health admits that Florida requires two-party consent to recording. Lee Health also admits that certain of its facilities display signs, one of which states "No Recording Without Consent," warning patients that recording during their healthcare visits without the consent of staff and/or other patients can violate Florida law. Otherwise, the allegations of paragraph 54 are denied.

55. Denied.

56. Lee Health admits that it placed a "RED FLAG ALERT" in Plaintiff's patient chart. Otherwise, the allegations of paragraph 56 are denied.

57. Lee Health lacks sufficient knowledge to admit or deny the allegations that Plaintiff is aware of at least 58 incoming calls from Lee Health and therefore denies the allegation. The other allegations in paragraph 57 are denied.

58. Denied.

59. Denied.

60. Lee Health admits that its Behavioral Health Department records inbound and outbound calls. Otherwise, the allegations in paragraph 60 are denied.

61. The statement that "Lee Health's conduct constitutes the intentional interception of wire communications in violation of Fla. Stat. § 943.03(1)(a)" is a legal conclusion that does not require a response. To the extent a response is required, Lee Health denies that any of its conduct constitutes the intentional interception of wire communications in violation of Fla. Stat. § 943.03(1)(a). Furthermore, Lee Health denies the allegation in this paragraph that "Lee Health intercepts the contents of these telephone calls

through electronic recording equipment without obtaining the prior consent of all parties to the communication."

62. Denied.

## CLASS ALLEGATIONS

63. Lee Health admits that Plaintiff purports to bring this action on behalf of himself and purported classes of persons described in this paragraph. To the extent a response is required, these allegations are denied.

64. The statement that Defendants, their officers, directors, employees, agents, and affiliates; any judicial officer presiding over this matter; members of the judicial officer's staff and immediate family; and Plaintiff's counsel are excluded from the proposed classes does not require a response. To the extent a response is required, Lee Health lacks sufficient knowledge to admit or deny the allegations of this paragraph and therefore denies them.

65. Lee Health admits that it is a healthcare system in Southwest Florida and that it operates multiple hospitals and outpatient facilities. Otherwise, the allegations of paragraph 65 are denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

## CAUSES OF ACTION

## COUNT I

### Violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii) (On Behalf of Plaintiff and the TCPA Prerecorded Voice Class against Defendants)

70. Lee Health incorporates by reference its responses to paragraphs 1 through 69, as if set forth fully herein.

71. Lee Health admits that Plaintiff purports to bring this Count on behalf of himself and the purported class of persons described as the "TCPA Prerecorded Voice Class" against Defendants individually and/or jointly but denies that Defendants are liable under the TCPA or that Plaintiff and/or the purported class of persons are entitled to any relief.

72. The allegations in this paragraph set forth statements and conclusions of law, to which no response is required. To the extent a response is required, Lee Health denies the allegations in paragraph 72.

73. Denied.

74. Denied.

75. The allegations in this paragraph set forth conclusions of law to which no response is required. To the extent a response is required, Lee Health denies the allegations in paragraph 75.

76. Denied.

77. Denied.

78. Lee Health denies the allegations in this paragraph, including each subpart.

**COUNT II**

**Violation of the FTSA, Fla. Stat. § 501.059(8)(a) — Recorded Message (On Behalf of Plaintiff and the FTSA Recorded Message Class against Defendants)**

79. Lee Health incorporates by reference its responses to paragraphs 1 through 69, as if set forth fully herein.

80. Lee Health admits that Plaintiff purports to bring this Count on behalf of himself and the purported class of persons described as the "FTSA Recorded Message Class" against Defendants individually and/or jointly but denies that Defendants are liable under the FTSA or that Plaintiff and/or the purported class of persons are entitled to any relief.

81. The allegations in this paragraph set forth statements and conclusions of law, to which no response is required. To the extent a response is required, Lee Health denies the allegations in paragraph 81.

82. Denied.

83. The allegations in this paragraph set forth conclusions of law to which no response is required. To the extent a response is required, Lee Health denies the allegations in paragraph 83.

84. The allegations in this paragraph set forth conclusions of law to which no response is required. To the extent a response is required, Lee Health denies the allegations in paragraph 84.

85. Denied.

86. The allegations in this paragraph set forth conclusions of law to which no response is required. To the extent a response is required, Lee Health denies the allegations in paragraph 86.

87. Denied.

88. Denied.

89. Lee Health denies the allegations in this paragraph, including each subpart.

**COUNT III**

**Violation of the FSCA, Fla. Stat. § 934.03(1)(a) (On Behalf of Plaintiff and the FSCA Wiretap Class Against Lee Health)**

90. Lee Health incorporates by reference its responses to paragraphs 1 through 69, as if set forth fully herein.

91. Lee Health admits that Plaintiff purports to bring this Count on behalf of himself and the purported class of persons described as the "FSCA Wiretap Class" against Lee Health but denies that Lee Health is liable under the FSCA or that Plaintiff and/or the purported class of persons are entitled to any relief.

92. The allegations in this paragraph set forth statements and conclusions of law, to which no response is required. To the extent a response is required, Lee Health denies the allegations in paragraph 92.

93. Denied.

94. Denied.

95. Lee Health admits that it displays signs in certain facilities warning patients that recording during their healthcare visits without the consent of staff and/or other patients can violate Florida law. Otherwise, the allegations of paragraph 95 are denied.

96. The allegations in this paragraph set forth conclusions of law to which no response is required. To the extent a response is required, Lee Health admits that it is not a law enforcement agency and that call recording was not conducted pursuant to a court order or an investigation. Otherwise, Lee Health denies the allegations in paragraph 96.

97. Denied.

98. Lee Health denies the allegations in this paragraph, including each subpart.

## JURY DEMAND

This unnumbered paragraph demands a jury trial to which no response is required. To the extent a response is required, Lee Health admits that Plaintiff demands a jury trial.

## DOCUMENT PRESERVATION DEMAND

This unnumbered paragraph, including all subparts, purports to demand that Defendants preserve certain documents and does not require a response. To the extent a response is required, Lee Health denies the allegations in this paragraph, including all subparts.

## PRAYER FOR RELIEF

Lee Health denies the allegations in the unnumbered WHEREFORE clause after the "Document Preservation Demand" including all subparts.

## AFFIRMATIVE DEFENSES

1. This action cannot be maintained as a class action because the putative class members are not ascertainable and the putative classes fail to satisfy the requirements of Rule 23, Federal Rules of Civil Procedure, including, without limitation, commonality and predominance.

2. Plaintiff's and the putative class members' claims are barred in whole or in part because the Plaintiff is not an adequate class representative.

3. Plaintiff's TCPA claim against Lee Health is barred because Lee Health did not make any call using any automatic telephone dialing system or an artificial or prerecorded voice to Plaintiff within the meaning of the TCPA.

4. Plaintiff's FTSA claim against Lee Health is barred because Lee Health did not make or knowingly allow to be made an unsolicited telephonic sales call involving an automated system for the selection and dialing of

telephone numbers or the playing of a recorded message to Plaintiff within the meaning of the FTSA.

5. Plaintiff's and/or putative class members' FTSA claims are barred because Plaintiff and/or putative class members gave prior express consent in writing to receive automated prerecorded calls from Defendants.

6. Plaintiff's and/or putative class members' TCPA claims are barred because Plaintiff and/or putative class members gave prior express consent to receive automated prerecorded calls from Defendants.

7. Plaintiff's and/or putative class members' TCPA claims are barred because the alleged prerecorded calls are subject to the health-care treatment exception under 47 C.F.R. § 64.1200(a)(9)(iv).

8. Plaintiff's and/or putative class members' TCPA claims are barred because the alleged prerecorded calls are telemarketing calls that delivered a healthcare message under 47 C.F.R. § 64.1200(a)(2).

9. Plaintiff's and/or putative class members' FTSA claims are barred because Plaintiff and/or putative class members have a prior or existing business relationship with Defendants under Fla. Stat. § 501.059(1)(k)(3).

10. To the extent it is determined that Lee Health violated the TCPA and/or the FTSA, which Lee Health specifically denies, any award of treble damages under the TCPA and/or the FTSA would be improper because Lee

Health's alleged violative conduct was neither willful nor knowing under 47 U.S.C. § 227(b)(3) and Fla. Stat. § 501.059(10)(b).

11. Plaintiff is barred from recovering attorney's fees under the FTSA because the alleged prerecorded calls did not result in a "transaction" under Fla. Stat. § 501.059(11).

12. To the extent Plaintiff unilaterally revoked consent to receive automated prerecorded calls from Defendants, which Lee Health denies, any unilateral revocation of consent is invalid because such consent was given as a mutually agreed upon term in a contract between Plaintiff and Lee Health.

13. Plaintiff's and/or putative class members' FSCA claims are barred because they expressly consented to call recording.

14. Plaintiff's and/or putative class members' FSCA claims are barred because they impliedly consented to call recording.

15. Plaintiff's and/or putative class members' FSCA claims are barred because any call recording falls within the business-extension exception to the FSCA under Fla. Stat. § 934.02(4)(a).

16. Lee Health has a complete defense to Plaintiff's and/or putative class members' FSCA claims because Lee Health relied in good faith on a good faith determination that Florida and/or federal law other than 18 U.S.C. § 2511(2)(d) permitted the conduct complained of. *See* Fla. Stat. § 934.10(2)(c).

17. Plaintiff is estopped from asserting a FSCA claim against Lee Health because Plaintiff recorded calls to and from Defendants without employees' consent.

18. Plaintiff's and/or putative class members' FSCA claims are barred in whole or in part because Plaintiff and/or putative class lacked a reasonable expectation of privacy in calls made to a healthcare provider's scheduling or customer service lines, given that industry standard practices involve call recording for quality and training purposes.

19. Plaintiff's claims are barred in part based on the release contained in the December 18, 2024, settlement agreement between Plaintiff and Lee Health.

20. Plaintiff's and/or putative class members' claims are barred in whole or in part because Plaintiff and/or putative class members refused and/or neglected to take reasonable steps to mitigate their alleged damages, if any.

21. Plaintiff's and/or putative class members' claims may be barred in part by the applicable statute of limitations.

22. Plaintiff's claims are barred in whole or in part because Plaintiff waived any such claims through his continued engagement with Lee Health's services after receiving notice of Lee Health's call recording and automated calling practices.

23. Any award of statutory damages in the amounts sought by Plaintiff, particularly in a class action context, would violate Lee Health's due process rights under the Fifth and Fourteenth Amendments to the United States Constitution and/or constitute an excessive fine in violation of the Eighth Amendment to the United States Constitution.

24. Plaintiff's claims are barred in whole or in part because Plaintiff ratified his consent to the conduct at issue through his subsequent conduct, including his continued use of Lee Health's services.

**RESERVATION OF RIGHTS TO ALLEGE ADDITIONAL AFFIRMATIVE DEFENSES**

Lee Health reserves the right to amend this pleading and allege additional affirmative defenses as discovery continues.

WHEREFORE, having fully answered Plaintiff's Complaint, Lee Health respectfully requests judgment in its favor and against Plaintiff dismissing the complaint with prejudice, an award of its costs, and any further relief the Court deems just and proper.

Dated: August 25, 2026

Respectfully submitted,

HOLLAND & KNIGHT LLP

*/s/ Laura Renstrom*

D. Ty Jackson
Florida Bar No. 41216
ty.jackson@hklaw.com
Tiffany A. Roddenberry
Florida Bar No. 92524
tiffany.roddenberry@hklaw.com
315 South Calhoun Street
Suite 600
Tallahassee, FL 32301
(850) 224-7000

Laura Renstrom
Florida Bar No. 108019
laura.renstrom@hklaw.com
kathleen.griffith@hklaw.com
Anne Marie Hankins
Florida Bar No. 1049892
annemarie.hankins@hklaw.com
50 North Laura Street, Suite 3900
Jacksonville, FL 32202
(904) 798-5466

*Attorneys for Defendants*